IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ERNEST TERELL BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:09cv861-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

**I.   INTRODUCTION**

Plaintiff Ernest Terell Brown applied for disability insurance benefits and supplemental insurance benefits under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.,* and 1381-1383c. His application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c),

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #13); Def.'s Consent to Jurisdiction (Doc. #12). Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.  STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

2

disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id*. at 1238-39.  RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence.  *Id*.  It also can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

**III.   ADMINISTRATIVE PROCEEDINGS**

Plaintiff was thirty-four years old at the time of the hearing before the ALJ, (Tr. 24), and had less than a high school education (Tr. 25). Plaintiff's past relevant work experience was as a construction worker, asbestos removal worker, and truck driver. (Tr. 18). At Step 1, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 11). At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "Grade 1 spondylolisthesis at L5-S1 with a small disc herniation, status post lumbar fusion, status post fractured clavicle, and history of asthma." *Id*. The ALJ then found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (Step 3) *Id*. Next, the ALJ found that Plaintiff retained the RFC to perform a range of sedentary work, with several limitations. *See* (Tr. 12). At Step 4, the ALJ found that Plaintiff is unable to perform past relevant work. (Tr. 18). Next, the ALJ found that, given Plaintiff's age, education, work experience, and RFC, and after consulting with a vocational expert, "there are jobs that exist in significant numbers in the national economy that Plaintiff can perform," (Tr. 19), including: "small parts assembler," "lock assembler," and "gate guard." (Step 5) *Id*. Accordingly, the ALJ determined that Plaintiff had not been under a disability during the relevant time period. (Tr. 20).

**IV.   PLAINTIFF'S CLAIMS**

Plaintiff presents two claims for this Court's consideration: (1) Whether the ALJ

properly applied the pain standard; and (2) Whether the ALJ articulated an adequate basis for discounting the opinion of Plaintiff's treating physician. The Court will address each of these claims below.

### A.     Whether the ALJ properly applied the pain standard.

Plaintiff argues that the ALJ failed to properly apply the three part pain standard as articulated by the Eleventh Circuit and failed to properly articulate adequate reasons for discrediting Plaintiff's subjective testimony of pain. (Doc. #9) at 10. Defendant argues that the ALJ did in fact properly apply the pain standard and adequately articulated his reasons for his credibility determination. See (Doc. #10) at 6-11.

The Court of Appeals for the Eleventh Circuit has articulated its "pain standard," governing the evaluation of a claimant's subjective testimony about pain, as follows:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). The ALJ evaluates the "claimant's subjective testimony of pain" only after the claimant satisfies the first and one of the alternate portions of the second prong of the pain standard. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Eleventh Circuit has also held that, "in certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence."

*Id.* at 1561. Importantly, it is only evidence of the underlying condition which could reasonably be expected to cause pain, not evidence of actual pain or its severity, which must be presented by the claimant to satisfy the "pain standard." *Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991); *see also Foster v. Heckler*, 780 F.2d 1125, 1129 (4th Cir. 1986); *Hill v. Barnhart*, 440 F. Supp. 2d 1269, 1272-73 (N.D. Al. 2006) (quoting *Elam*, 927 F.2d at 1215). Where the ALJ proceeds to consider the claimant's subjective testimony about pain, the ALJ's decision to reject or discredit such testimony is reviewed for substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). Finally, if the ALJ determines to discredit subjective pain testimony and such testimony is crucial to the claimant's assertion of disability, the ALJ "must articulate specific reasons for questioning the claimant's credibility." *Id.*

Plaintiff's claim that the ALJ's decision should be reversed because the ALJ failed to apply the "pain standard" is without merit. As will be shown below, the ALJ did indeed apply the relevant test in his decision. Plaintiff's claim appears concerned merely with the fact that the ALJ did not "recite or make specific reference to the three part pain standard." Pl.'s Brief (Doc. #9) at 10. However, there is no requirement that the ALJ utilize any particular phraseology, so long as the appropriate standard is indeed applied. *Wilson*, 284 F.3d at 1225-26.

In this case, the ALJ properly stated the standards governing his evaluation of Plaintiff's subjective pain testimony and cited to 20 C.F.R. § 404.1529, "which contains the

same language regarding the subjective pain testimony that [the Eleventh Circuit] interpreted when initially establishing its three-part pain standard." *Wilson*, 284 F.3d at 1225. The ALJ's determination that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms," (Tr. 13), shows that the ALJ exactly followed the three part pain standard as explained in *Wilson*.

In fact, the ALJ determined that Plaintiff passed through the threshold of the "pain standard." Moving then to the determination of whether the pain was disabling, the ALJ stated that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the residual functional capacity assessment for the reasons explained below." (Tr. 13). Thus the ALJ found that Plaintiff's testimony about pain was not fully credible. Accordingly, the ALJ was required to "articulate specific reasons for questioning the claimant's credibility" and those reasons must be supported by substantial evidence.

Plaintiff alleges that the ALJ failed to articulate specific reasons for his findings and that those unarticulated reasons were not supported by substantial evidence. The claim that the ALJ failed to articulate his reasons for finding Plaintiff's testimony about the severity of his pain to be incredible is without merit. Indeed, the ALJ goes to great lengths to articulate his reasons for discrediting the testimony.

The ALJ found Plaintiff's testimony regarding pain incredible for several reasons, including: Plaintiff's allegation that he was experiencing moderately severe to severe pain

8

on an average day was inconsistent with the substantial evidence; Plaintiff testified that the problems originated from a work related injury, but treatment records indicate the problems started before the injury; the lack of treatment records from the periods of time in which Plaintiff was either covered by insurance or was gainfully employed. (Tr. 13-18). Those reasons, along with several others are clearly articulated throughout the ALJ's opinion.

As stated *supra*, this Court's review is limited. If the ALJ's determination is supported by substantial evidence, and it is, then this Court must affirm. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").

### B. Whether the ALJ articulated an adequate basis for discounting the opinion of Plaintiff's treating physician.

Plaintiff's entire argument on this issue consists of these two sentences:

> In the case at bar, the ALJ did not articulate an adequate basis for not according the opinions of Dr. Holt substantial weight. Furthermore, the ALJ improperly drew his own medical conclusions from the evidence of record, substituting his own medical opinions for those of the treating physician.

Pl.'s Brief (Doc. #9) at 13.

Plaintiff is correct that the ALJ must clearly articulate good cause for disregarding the opinion of a treating physician. *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the

9

evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. at 1240-41.

The opinion to which Plaintiff apparently refers in this claim is a statement given by Dr. Holt, dated May 2, 2008. In the statement, Dr. Holt opines that Plaintiff's back pain would be distracting to adequate work performance, and would cause absences on an average of two times per month. (Tr. 201-203). In his decision, the ALJ explains that he discounts Dr. Holt's statement, because it is: (1) "generally inconsistent with [his] earlier opinion that he expected [Plaintiff] to be able to return to work at the light duty" following surgery; (2) "inconsistent with the doctor's pre-operative medical findings"; and (3) inconsistent "with his post operative medical findings showing no significant abnormalities." (Tr. 17). Accordingly, the ALJ did articulate good cause for discounting Dr. Holt's May 2, 2008, statement, and the ALJ's decision is supported by substantial weight.

The Court is unclear as to the second part of this claim that the ALJ substituted his own medical opinions for that of the treating physician. It is the job of the ALJ to evaluate, weigh, and even reject medical opinions that are not supported by evidence. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir.1985). ("[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."). Plaintiff does not cite to any specific example of this allegation, and to the extent he is speaking of the ALJ's rejection of Dr. Holt's May 2, 2008, statement, as stated above, the ALJ rejected that opinion, based not on his own medical opinion, but on its inconsistency with Dr. Holt's other opinions and

treatment notes. The Court finds no error with respect to the ALJ's rejection of Dr. Holt's opinion.

## VI.    CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is supported by substantial evidence and is, therefore, AFFIRMED. A separate judgment will issue.

DONE this 23rd day of August, 2010.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE